UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEE TRAUTLOFF,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. SACV 16-1564 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

**I.   SUMMARY**

On August 24, 2016, Terry Lee Trautloff ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; August 26, 2016 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 25, 2013, plaintiff filed an application for Disability Insurance Benefits alleging disability beginning on November 1, 2012, due to back spasms, back injury, pain, degenerative disc disease, loss of range of motion, arthritis, hypertension, and chronic right knee pain. (Administrative Record ("AR") 51, 246, 266-67). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel), plaintiff's spouse, and a vocational expert on December 15, 2014. (AR 64-92).

On January 16, 2015, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 51-59). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, L5 par fracture, myofascial low back pain, right knee pain, left knee degenerative joint disease and medial meniscus tear, and left shoulder pain (status post SLAP repair of left shoulder) (AR 53); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 54); (3) plaintiff retained the residual functional capacity to perform medium work (20 C.F.R. § 404.1567(c)) with additional limitations[1] (AR 54); (4) plaintiff was capable of performing past relevant work as a ski binding fitter and repairer (AR 58); and (5) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible (AR 55).

---

[1] The ALJ determined that plaintiff could (i) lift and/or carry no more than 50 pounds occasionally and 25 pounds frequently; (ii) stand and/or walk for six hours out of an eight-hour workday with normal breaks; (iii) sit without restrictions; and (iv) walk on uneven terrain, use ladders, and work at heights on a frequent basis. (AR 54).

On August 2, 2016, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is required to use the following five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///
///
///

|   |   |   |
|---|---|---|
| | (4) | Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.[2] |
| | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted); see also 20 C.F.R. § 404.1520(a)(4) (explaining five-step sequential evaluation process).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).

**B.   Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

While an ALJ's decision need not discuss every piece of evidence or be drafted with "ideal clarity," at a minimum it must explain the ALJ's reasoning

---

[2] Under the "[e]xpedited process," review of an application for benefits "may proceed [directly] to the fifth step of the sequential evaluation process" in cases where the record lacks sufficient evidence about a claimant's past relevant work to make a finding at step four. 20 C.F.R. § 404.1520(h).

with sufficient specificity and clarity to "allow[] for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations and internal quotation marks omitted); Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citations omitted); see generally 42 U.S.C. § 405(b)(1) ("ALJ's unfavorable decision must, among other things, "set[] forth a discussion of the evidence" and state "the reason or reasons upon which it is based"); Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196-97 (1947) (administrative agency's determination must be set forth with sufficient clarity and specificity).

An ALJ's decision to deny benefits must be upheld if the evidence could reasonably support either affirming or reversing the decision. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014). An ALJ's error is harmless if (1) it was inconsequential to the ultimate nondisability determination; or (2) despite the error, the ALJ's path may reasonably be discerned, even if the ALJ's decision was drafted with less than ideal clarity. Id. (citation and quotation marks omitted).

A reviewing court, however, may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a court cannot confidently conclude that an error was harmless, remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

**IV.   DISCUSSION**

Plaintiff contends that the ALJ erred at step four by determining that plaintiff's past relevant work included "ski binding fitter and repairer." (Plaintiff's Motion at 1-2). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Law

At step four, claimants have the burden to show that they are no longer able to perform their past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citations omitted); 20 C.F.R. § 404.1520(e). The Commissioner may deny benefits at step four if the claimant has the residual functional capacity to perform either a particular past relevant job as "actually performed," or the same kind of work as "generally" performed in the national economy. Pinto, 249 F.3d at 844-45 (citing Social Security Ruling ("SSR") 82-61); SSR 82-62 at *3.

Social Security regulations define past relevant work as "work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn it." 20 C.F.R. §§ 404.1560(b)(1), 404.1565(a). "Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities." Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001) (citing, in part, 20 C.F.R. §§ 404.1571-404.1572). Social Security regulations provide overlapping, but separate procedures for determining whether particular work involves substantial gainful activity ("SGA") which depend on whether or not the individual performing the work was self-employed. See Le v. Astrue, 540 F. Supp. 2d 1144, 1149 (C.D. Cal. 2008) (citing, in part, 20 C.F.R. §§ 404.1574, 404.1575).

When a claimant is self-employed, whether work involves SGA is determined by evaluating the work activities the claimant performed and their value to the particular business using three tests set forth in Social Security regulations – namely, "Test One," "Test Two," and "Test Three." 20 C.F.R. § 404.1575(a)(2); SSR 83-34, 1983 WL 31256, at *2-*9. If work is deemed SGA under Test One, the ALJ need not proceed to Tests Two and Three. Le, 540 F. Supp. 2d at 1150 (citation omitted). Conversely, if it is "clearly established" under Test One that a claimant was not engaged in SGA, both the second and third

///

SGA tests must be considered. 20 C.F.R. § 404.1575(a)(2); SSR 83-34, 1983 WL 31256, at *9.

Under Test One, work activity is considered SGA when the claimant (i) "renders services that are significant to the operation of the business"; and (ii) "receives a substantial income from the business." 20 C.F.R. § 404.1575(a)(2)(i); SSR 83-34, 1983 WL 31256, at *2.; Le, 540 F. Supp. 2d at 1149 (citations omitted). The services of an individual who operates a business on his or her own are necessarily considered "significant." 20 C.F.R. § 404.1575(b)(1); SSR 83-34, 1983 WL 31256, at *3; Le, 540 F. Supp. 2d at 1149 n.5 (citations omitted). Under the second part of Test One, income is generally considered "substantial" if the average monthly "countable income" (as defined in Social Security regulations) from a claimant's business is more than the amount shown for the particular calendar year in the Commissioner's SGA Earnings Guidelines in 20 C.F.R. § 404.1574(b) ("SGA Earnings Guidelines"). 20 C.F.R. § 404.1575(c)(2)(i); SSR 83-34, 1983 WL 31256, at *4. A claimant may still have "substantial income," however, even if his or her countable income does not average more than the amount shown in the SGA Earnings Guidelines. 20 C.F.R. § 404.1575(c)(2)(ii); SSR 83-34, 1983 WL 31256, at *4. For instance, countable income amounts below SGA Earnings Guidelines levels may be deemed substantial when the "livelihood" a claimant derives from his or her business is either (a) "comparable to what it was before [the claimant] became seriously impaired" (*i.e.*, the "personal standard"), or (b) "comparable to that of unimpaired self-employed persons in [the] community who are in the same or a similar business as their means of livelihood" (*i.e.*, the "community standard"). 20 C.F.R. § 404.1575(c)(2)(ii); SSR 83-34, 1983 WL 31256, at *4. It may be most appropriate to use the community standard in cases where, like here, "chronic illness or other special circumstances existing for some time prior to the individual's becoming disabled [] indicate that his or her financial situation in that

period should not be considered an indication of the individual's standard of livelihood." SSR 83-34, 1983 WL 31256, at *8.

Under Test Two, a self-employed claimant engages in SGA "if [his or her] work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in [the] community who are in the same or similar businesses as their means of livelihood." 20 C.F.R. § 404.1575(a)(2)(ii); SSR 83-34, 1983 WL 31256, at *9; Le, 540 F. Supp. 2d at 1149 (citations omitted).

Under Test Three, a claimant engages in SGA "if [his or her] work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in [the SGA Earnings Guidelines] when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the [same] work. . . ." 20 C.F.R. § 404.1575(a)(2)(iii); SSR 83-34, 1983 WL 31256, at *9; Le, 540 F. Supp. 2d at 1149-50 (citations omitted).

While claimants have the burden to prove an inability to perform past relevant work, an ALJ is required "to make specific findings on the record at each phase of the step four analysis [which] provide[] for meaningful judicial review." Pinto, 249 F.3d at 847 (citation and quotation marks omitted). Accordingly, development of the "[c]omparability" factors used in Tests Two and Three "must be specific." SSR 83-34, 1983 WL 31256, at *9. "If only a general description is possible or available, any doubt as to the comparability of the factors should be resolved in favor of the impaired individual." Id. Hence, "[t]he lack of conclusive evidence as to the comparability of the required factors will result in a finding that work performed is not SGA." Id. (emphasis added).

**B.  Analysis**

Here, as defendant correctly suggests, whether prior work involved SGA is determined somewhat differently when a claimant is self-employed. (Defendant's Motion at 2). Nonetheless, it does not appear that the ALJ considered any of the

8

applicable tests for evaluating the work activity of self-employed claimants, even though it is uncontroverted that plaintiff was self-employed during the pertinent 15-year period.  (AR 53-59, 68, 251, 268, 279).  To the contrary, at step four, the ALJ concluded that plaintiff's past work was performed "at the level of substantial gainful activity" without any further explanation.[3]  (AR 59).  Such boilerplate finding was not specific enough to allow for meaningful review of the ALJ's non-disability determination at step four.  Cf., e.g., Treichler, 775 F.3d at 1103 (ALJ's "boilerplate statement" regarding credibility of claimant's testimony "was error" because it "[fell] short of meeting the ALJ's responsibility to provide 'a discussion of the evidence' and 'the reason or reasons upon which' his adverse determination is based") (quoting 42 U.S.C. § 405(b)(1)); Montoya v. Colvin, 649 Fed. Appx. 429, 430-31 (9th Cir. 2016) (ALJ erred at step four in finding claimant could perform past relevant work where record was "unclear" whether claimant's earnings met amount specified in the SGA Earnings Guidelines, and ALJ stated that claimant's prior jobs were "past relevant work . . . without addressing the substantial gainful activity issue or developing the record on it") (citing, in part, Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (noting ALJ's duty fully to develop the administrative record)).

      The Court cannot confidently conclude that the ALJ's error was harmless.  The Commissioner's "path" cannot reasonably be discerned from any of the ALJ's boilerplate findings at step four.  Moreover, it is not at all clear that the error was

---

[3]The ALJ's finding that plaintiff's job as a ski binding fitter and repairer was past relevant work reads, in full:

> Based on the evidence of record, the undersigned finds the above-described work is past relevant work because the claimant performed it within 15 years of the date of this decision, for a sufficient length of time to learn and provide average performance, and at the level of substantial gainful activity.

(AR 59).

inconsequential to the ALJ's step four nondisability determination.  For example, at both the initial and reconsideration levels of review, the Commissioner affirmatively skipped step four entirely, and instead evaluated plaintiff's application for benefits at step five pursuant to the expedited process expressly because the record lacked "sufficient vocational information to determine whether [plaintiff could] perform any of [his] past relevant work."  (AR 99-101, 110-11). Moreover, there is not substantial evidence in the record that would support finding plaintiff's work as a ski binding fitter and repairer to be substantial gainful activity under the pertinent regulatory tests.  For example, under Test One, while plaintiff (a sole proprietor) necessarily rendered "significant" services to the operation of his business, the record does not support a finding that plaintiff received "substantial income" under the circumstances.  As plaintiff notes (Plaintiff's Motion at 1), earning records reflect that plaintiff's average total monthly income for 2007 (*i.e.*, the pertinent year with the highest total "earnings") was approximately $676.92 (based on $8,123.00 annual earnings).  (AR 68, 251). Defendant does not dispute that such average monthly income falls well below the average amount listed in the SGA Earnings Guidelines for 2007 (*i.e.*, $900 per month).  See 20 C.F.R. § 404.1574(b)(2)(ii); POMS § DI 10501.015(B); see Defendant's Motion at 1-2.  In addition, defendant points to no persuasive evidence in the record that would otherwise support the ALJ's finding that plaintiff worked at an SGA level under any other theory.  Cf., e.g., Pinto, 249 F.3d at 846 (remand warranted where ALJ found claimant not disabled at step four based "largely" on inadequate vocational expert testimony and ALJ otherwise "made very few findings").  Furthermore, the ALJ did not expressly find (nor is it sufficiently clear from the record that a reasonable ALJ could find) plaintiff not disabled at step five.  To the contrary, the vocational expert testified, in pertinent part, that a hypothetical claimant with the same characteristics and limitations as
///

10

alleged by plaintiff would not be able to engage in other jobs that exist in the national economy.  (AR 77-86).

## V. CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 22, 2017

                                                     /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE

---

[4] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[5] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (citation and internal quotation marks omitted).